Kevin Zhu
Manager
Ralls Corporation
zhuk3@sany.com.cn

October 2, 2012

<u>*Via Email to gangeletos@terna-energy.com*</u>
<u>*And Via Facsimile Number 1-415-398-3917*</u>

Giorgos Angeltos
Terna Energy USA Holdings Corporation
400 Montgomery Street
San Francisco, CA 94104


Re:     Terna/Ralls Transaction

Dear Mr. Angeltos:

  As you know, on February 28, 2012, Terna Energy USA Holding Corporation ("Terna"), along with Lower Ridge Windfarm, LLC, High Plateau Windfarm, LLC, Mule Hollow Windfarm, LLC, and Pine City Windfarm, LLC (collectively the "Project Companies") entered into a Master Wind Projects Membership Purchase Agreement (the "Transaction") with Intelligent Wind Energy, LLC, Ralls Corporation ("Ralls), and Ralls Windfarm, LLC.

  On June 28, 2012, Terna and Ralls jointly submitted the Transaction for review by the Committee on Foreign Investment of the United States.

  On September 28, President Obama issued an order prohibiting the Transaction based on national security concerns.  Section 2(a) of the President's Order orders that "The transaction resulting in the acquisition of the Project Companies and their assets by the Companies [Ralls and Sany Group] or Mr. Wu or Mr. Duan is hereby prohibited, and ownership by the Companies or Mr. Wu or Mr. Duan of any interest in the Project Companies and their assets, whether directly or indirectly through owners, subsidiaries or affiliates, is prohibited."

  As we trust you can appreciate, Ralls is extremely frustrated by the President's actions. Nonetheless, our view, and that of our legal team, is that the President's prohibition renders the Transaction illegal and void *ab initio*.  Accordingly, Ralls' position is that the parties are returned to their previous positions, to the greatest extent possible, as if the Transaction had not occurred.

  This means that the ownership of the Project Companies duly remains with Terna, and that Terna is free to retain or otherwise transfer the Project Companies and/or their respective

Page 2

assets.

By making the Transaction void, however, the President's order also means that Terna should promptly refund to Ralls all monies paid under the Transaction, including specifically: the $600,000 Initial Payment, $1,200,000 May 31 Payment, the $400,000 Advance, and the $500,000 Interconnection Security, each as defined in the Transaction, for a total refund of $2.7 million.

The primary development assets of the Project Companies remain largely intact and unaffected by the President's order, including the power purchase agreements, interconnection agreements, real estate agreements, and permits.

The President's order represents an extraordinary exercise of governmental authority and is unfortunate. Nonetheless, the President has prohibited the Transaction. We request that the parties arrange a meeting at a mutually convenient time to discuss under how and under what circumstances the parties can be restored, as best as possible, to their previous positions.

For your convenience, a copy of the President's Order is enclosed.

We look forward to hearing from you.

Very truly yours,

RALLS CORPORATION

Kevin Zhu
Manager


cc:     Todd Guerrero (via Email)
        Tim Xia, Ph.D. (via Email)

Enclosure

# TERNA ENERGY USA, Holding Corp.

October 10, 2012

Kevin Zhu, Manager
Ralls Corporation
318 Cooper Circle
Peachtree City, GA 30269

Re: Your Letter dated October 2, 2012

Dear Mr. Zhu,

We are in receipt of your letter of October 2, 2012. We expressly reject your request to rescind the February 28, 2012 sale of Lower Ridge Windfarm, LLC, High Plateau Windfarm, LLC, Mule Hollow Windfarm, LLC, and Pine City Windfarm, LLC (collectively, the "Project Companies") to Intelligent Wind Energy, LLC ("IWE") (the 'Transaction") pursuant to the Master Wind Projects Membership Purchase Agreement, dated as of February 28, 2012, by and among IWE, Ralls Corporation ("Ralls"), Ralls WindFarm, LLC, the Project Companies, and Terna Energy USA Holding Corporation ("Terna") (the "MIPSA"). There is no legal basis entitling Ralls to this relief. Ralls misconstrues the allocation of risk arising from any post-acquisition failure of the Committee on Foreign Investment in the United States ("CFIUS") to approve of the transaction as stipulated in Section 2, paragraph (a) of President Obama's September 28, 2012 Order (the "Order"), as it misconstrues the nature of the same.

The Order did not in any way render the Transaction illegal or void *ab initio*. The Order found that Ralls and its subsidiaries and its affiliate the Sany Group, and Mr. Dawei Duan and Mr. Jialing Wu, through their control of the Project Companies, threaten to impair the national security of the United States. As a result, President Obama had the authority to direct the Attorney General of the United States to seek any appropriate relief, including rescission of the Transaction. But he did not do so. The President specifically ordered Ralls to "divest" the Project Companies' assets and operations and to take certain other actions with respect to the Project Companies (such as removing items, structures, or other physical objects or installations, and notifying CFIUS of the intended transferee or buyer) prior to such divestiture. All of the relief in the Order is directed at Ralls; none is directed at Terna (and the Order does not include any mention of Terna), and nowhere does the Order require rescission of the Transaction or otherwise void the Transaction. Ralls is the owner of the Project Companies and will continue to be the owner of the Project Companies until the completion of the mandated divestiture within the time-limit set forth in the Order.

IWE and Ralls could have, but did not, bargain for a customary CFIUS closing condition that would have required CFIUS approval prior to the transfer of any assets or interests from Terna to IWE. By failing to include such a provision in the MIPSA, at closing ownership of

400 Montgomery Street, San Francisco CA 94104, Tel 415 398 3917 Fax 415 398 5231, www.terna-energy.com

the Project Companies passed to IWE, and IWE and Ralls assumed the entire risk of the CFIUS outcome.

We also reject your suggestion that by voluntarily joining Ralls in seeking CFIUS approval Terna somehow became responsible for the outcome. Terna's decision to accommodate Ralls' request to join in the application did not in any way shift the risk of failing to obtain CFIUS approval from Ralls to Terna.

We also note that Terna sold the Project Companies to IWE, not to Ralls. As Ralls certified to the United States government in the CFIUS filing, "IWE was directly owned by U.S. Innovative Renewable Energy, LLC, a Delaware limited liability company ("USIRE"). USIRE is owned 100% by Xiaolin (Jerry) Zhang, a U.S. citizen.... After the [Terna-IWE] transaction was consummated, on April 9, 2012, Ralls acquired all of the membership interests in IWE from USIRE..." The Order does not mention the Terna-IWE transaction. Rather, it mentions the "transaction resulting in the acquisition of the Project Companies and their assets by the Companies [Ralls and its subsidiaries and its affiliate the Sany Group]", which is the acquisition of IWE by Ralls, a transaction to which Terna was not a party. Accordingly, to the extent that any transaction is rendered void *ab initio* by the Order (an assertion which we believe has no legal basis), such transaction would be the acquisition of IWE by Ralls rather than the sale of the Project Companies by Terna to IWE.

Finally, Terna wishes to make clear that the MIPSA remains in full force and effect, and it fully expects IWE to honor the terms of the MIPSA, including the obligation to make the Final Payment, and Ralls to honor its obligations as guarantor under the MIPSA. These obligations are absolute, unconditional and irrevocable. Unless the October 2, 2012 letter is immediately withdrawn by Ralls, Terna reserves its rights to pursue all legal remedies against IWE and Ralls, including remedies under the MIPSA and the related guarantees and security agreements.

Very truly yours,

TERNA ENERGY USA HOLDING CORPORATION

Georgios Angeletos
Secretary


cc:   Todd Guerrero (Fredrikson & Byron, P.A.)
      Tim Xia (Morris, Manning & Martin, LLP)
      Xiaolin Zhang (Intelligent Wind Energy, LLC)
      Jialiang Wu (Ralls Corporation and Ralls WindFarm, LLC)
      Michael S. Dorf (Shearman & Sterling LLP)
      Jonathan Greenblatt (Shearman & Sterling LLP)

Hon. Steven S. Honigman
Attorney and Counsel at Law
500 East 77th Street
New York, New York 10162
Tel: (212) 628-5015
Cell: (202) 549-4917
stevenshonigman1@verizon.net

October 11, 2012

Mr. Aimen N. Mir
CFIUS Staff Chair
Department of the Treasury
Washington, D.C. 20220
Via Electronic Mail

        Re:    Ralls Corporation

Dear Mr. Mir,

    Ralls has received from Terna Energy USA Holding Corporation the attached response to Ralls's October 2, 2012 notification pursuant to the Presidential Order issued September 28, 2012 (the "Order").

    As you know, Section 2(a) of the Order provides in pertinent part that "[t]he transaction resulting in the acquisition of the Project Companies and their assets by the Companies or Mr. Wu or Mr. Duan is hereby prohibited." Terna's letter asserts that the "transaction" referenced in Section 2(a) is "the acquisition of IWE [Intelligent Wind Energy, LLC] by Ralls rather than the sale of the Project Companies by Terna to IWE." In Ralls' view, Terna's reading of Section 2(a) is incorrect.

    Section 2(a)'s identification of the "transaction resulting" in the acquisition of the Project Companies derives from the Voluntary Notice that was certified and submitted to CFIUS by both Terna and Ralls. At page four, that Notice describes a "transaction between Terna and Ralls." At page five, the Notice goes on to state without qualification that "[t]he transaction at issue involves the transfer of small, unconstructed wind farm projects … from one foreign party, Terna, to Ralls." Several paragraphs later, the Notice speaks of "[t]he acquisition by Ralls of the right to construct four small windfarms from Terna."

    That the "transaction resulting" in Ralls's acquisition of the Project Companies is the transfer of the Companies from Terna to Ralls is also evidenced by a joint July 11, 2012 presentation to CFIUS by counsel for Terna and Ralls, entitled "Ralls/Terna Transaction Concerning Butter Creek Windfarm Projects." Slide six of the presentation identifies the "Parties to the Transaction" as "Ralls Corp." and

1

"Terna Energy USA Corp."  Slide sixteen of the presentation, entitled "Description of Transaction," describes a transaction in "[t]wo stages" whose "Result" is that "Ownership of the Project Companies was transferred from Terna to Ralls."

Copies of the Voluntary Notice and presentation are attached to this letter for your reference.

Please advise whether the "transaction resulting in the acquisition of the Project Companies and their assets" that Section 2(a) of the Order prohibits is: (a) the transfer "from one foreign party, Terna, to Ralls" (Voluntary Notice at 5) of the Project Companies; or (b) stage two of that transaction, which involved only IWE, a Delaware limited liability company owned by a US citizen, and Ralls.

In all events, Ralls continues to undertake good faith efforts to comply with the Order, even as we seek judicial review of its propriety and legality.   Ralls believes that the transparent and equal application of law will illustrate that the project poses no risks whatsoever to the national security of the United States.

                                                  Sincerely,

                                                  Steven S. Honigman

cc:     Joel McElvain



DEPARTMENT OF THE TREASURY
WASHINGTON, D.C. 20220

NOV 0 1 2012

Steven S. Honigman
500 East 77th Street
New York, New York 10162

Viet Dinh
Bancroft, PLLC
1919 M Street, NW, Suite 470
Washington, DC 20036

Re:   CFIUS Case 12-44

Dear Messrs. Honigman and Dinh:

As you know, the Presidential Order issued on September 28, 2012, obligated Ralls and its affiliates to remove certain items from the properties at issue within 14 calendar days from the date of the order (i.e., October 12, 2012). By email dated October 3, 2012, Ralls informed CFIUS that it expected the removal work would require an estimated thirty days for completion. By letter dated October 6, 2012, CFIUS stated that CFIUS approval would be required if the work is expected to take more than thirty days and reserved all rights accorded CFIUS under the Order.

Twenty-six days have passed since CFIUS's letter of October 6, 2012, and over thirty days have passed since the date of the Presidential Order, and the removal work has yet to begin. Given the potential harm to national security that results from delay, we hereby notify you that CFIUS expects the removal work to commence immediately and be completed no later than November 30, 2012. In monitoring Ralls's progress towards this completion date, CFIUS will refer to the Aubrey Silvey work plan dated October 18, 2012, which Ralls has provided to CFIUS.

CFIUS has responded in writing to numerous formal requests for clarification, most of which concern technical and logistical matters. Responses to the most recent set of questions (numbered 14-18) are provided in the attached chart; you will see that the Government has already addressed most of these questions in their prior written responses. Going forward, these matters are best addressed during regularly scheduled face-to-face coordination meetings between previously-designated points of contact for Aubrey Silvey and the U.S. Navy, acting on behalf of CFIUS. Further clarification can be provided as appropriate once the removal work has commenced. However, such further requests for clarification are not grounds for delay in commencement of the removal work.

CFIUS approved a list of 65 contractor employees on October 15, 2012, to enter the site for purposes of complying with the removal requirements in the order. Ralls provided an additional

15 names on October 26, 2012. The removal work should commence with the approved contractors. We are reviewing the new list and will provide a response shortly.

By letter from Mr. Dinh dated October 28, 2012, Ralls requested that the U.S. government allow Ralls, its contractor, or a third party to videotape and otherwise document the U.S. government's verification activities. The U.S. government's position on this matter is unchanged. For the reasons stated in our email to Mr. Honigman of October 27, 2012, such videotaping and monitoring is not acceptable to the U.S. government due to the classified nature of the verification activities. Neither Ralls nor its contractor has the right under the Presidential Order to be present at or observe sensitive U.S. government verification activities at the properties and, consequently, neither party is permitted to videotape such activities or demand that such activities be videotaped.

Finally, by letter dated October 11, 2012, Ralls requested that CFIUS describe in greater detail "the 'transaction resulting in the acquisition of the Project Companies and their assets that Section 2(a) of the Order prohibits." We believe that the Order is plain on its face and expect the Companies to effectuate the terms of the Order.

Thank you for your cooperation.

                                        Sincerely,

                                        Aimen N. Mir
                                        CFIUS Staff Chair

# MORRIS, MANNING & MARTIN

A LIMITED LIABILITY PARTNERSHIP

| WASHINGTON, D.C. OFFICE | ATTORNEYS AT LAW | RALEIGH-DURHAM, NORTH CAROLINA OFFICE |
|---|---|---|
| **MORRIS, MANNING & MARTIN, LLP**<br>1333 H Street, N.W., Suite 820<br>WASHINGTON, DC  20005<br>TELEPHONE 202 408-5153<br>FACSIMILE 202 408-5146 | 1600 ATLANTA FINANCIAL CENTER<br>3343 PEACHTREE ROAD, N.E.<br><br>**ATLANTA, GEORGIA 30326-1044**<br>TELEPHONE 404 233-7000<br>FACSIMILE 404 365-9532 | **MORRIS, MANNING & MARTIN, LLP**<br>Research Triangle Park<br>1000 Park 40 Plaza, Suite 350<br>DURHAM, NORTH CAROLINA  27713<br>TELEPHONE 919 806-2969<br>FACSIMILE 919 806-2057<br><br>SAVANNAH, GEORGIA OFFICE<br>**MORRIS, MANNING & MARTIN, LLP**<br>24 Drayton Street, Suite 712<br>SAVANNAH, GEORGIA  31401<br>TELEPHONE 912 232-7182<br>FACSIMILE 912 232-7184 |

JOHN P. MACNAUGHTON
DIRECT DIAL 404 504-7689
E-MAIL JPM@MMMLAW.COM

November 14, 2012

Georgios Angelettos, Secretary
Terna Energy U.S.A. Holdings Corporation
400 Montgomery Street
San Francisco, California  94104

    Re:    Terna / Ralls Transaction

Dear Mr. Angelettos:

    The undersigned is acting as counsel to Ralls Corporation ("Ralls"), in connection with the above-referenced matter.  On October 2, 2012, Ralls informed you that by virtue of an Order dated September 28, 2012, President Obama prohibited Ralls' acquisition of Lower Ridge Windfarm, LLC, High Plateau Windfarm, LLC, Newell Hollow Windfarm, LLC, and Pine City Windfarm, LLC (collective the "Project Companies").

    Because the President has prohibited said acquisition, the February 28, 2012 Master Wind Project Membership Interests Purchase Agreement between Terna Energy U.SA. Holding Corporation ("Terna"), Ralls Corporation, Ralls Windfarm, LLC and Intelligent Wind Energy, LLC ("IWE"), is illegal and void *ab initio*.  In response, on October 10, 2012, you stated that "Terna sold the Project Companies to IWE, not to Ralls" and that, to the extent the transaction is void *ab initio*, the effective transaction was the acquisition of IWE by Ralls not the sale of the Project Companies by Terna to IWE.

    On October 11, 2012, we asked the Committee on Foreign Investment in the United States ("CFIUS") to advise as to whether the transaction prohibited by President's Order is the transfer of the Project Companies from Terna to Ralls, or the acquisition of IWE by Ralls.  On November 1, 2012, CFIUS stated its view that the President's Order is "plain on its face" and provided no further direction.  We agree.

    The transaction prohibited by the President's Order is the transfer of the Project Companies from Terna to Ralls, as contemplated by the Master Wind Projects Membership Purchase Agreement.  Indeed, the voluntary notice jointly submitted by Terna and Ralls to CFIUS refers to a "transaction between Terna and Ralls and describes the 'transaction at issue' as involving "the transfer of small, unconstructed windfarm projects . . . from one foreign party, Terna, to Ralls."  The notice also speaks of "[t]he acquisition by Ralls of the right to construct four small windfarms from

MORRIS, MANNING & MARTIN
A LIMITED LIABILITY PARTNERSHIP

Georgios Angelettos, Secretary
November 14, 2012
Page 2

Terna." It is clear that both Terna and Ralls intended that the "transaction" for purposes of review by CFIUS and the President was the sale of the Project Companies by Terna to Ralls. Thus, the "transaction" for purposes of post-review actions by CFIUS and the President is that same sale by Terna to Ralls, and it is that transaction that is void *ab initio* following the President's Order.

Given the foregoing, the transfer of the Project Companies from Terna to Ralls is illegal and void *ab initio* as a result of the President's Order. Please advise if you intend to seek judicial declaration otherwise, which we would of course oppose.

We look forward to hearing from you.

Very truly yours,

MORRIS, MANNING & MARTIN, L.L.P.

John P. MacNaughton

JPM:wew
cc:     Mr. Jialing Wu
        Michael S. Dorf, Esq. (Sherman & Sterling, LLP) (*via email*)

MORRIS, MANNING & MARTIN

7731813 v01

MORRIS, MANNING & MARTIN
A LIMITED LIABILITY PARTNERSHIP

Georgios Angelettos, Secretary
November 14, 2012
Page 3

bcc:   Tim Xia, Esq.

MORRIS, MANNING & MARTIN
A LIMITED LIABILITY PARTNERSHIP

# MORRIS, MANNING & MARTIN

A LIMITED LIABILITY PARTNERSHIP

WASHINGTON, D.C. OFFICE
**MORRIS, MANNING & MARTIN, LLP**
1333 H Street, N.W., Suite 820
WASHINGTON, DC 20005
TELEPHONE 202 408-5153
FACSIMILE 202 408-5146

ATTORNEYS AT LAW
1600 ATLANTA FINANCIAL CENTER
3343 PEACHTREE ROAD, N.E.

**ATLANTA, GEORGIA 30326-1044**
TELEPHONE 404 233-7000
FACSIMILE 404 365-9532

RALEIGH-DURHAM, NORTH CAROLINA OFFICE
**MORRIS, MANNING & MARTIN, LLP**
Research Triangle Park
1000 Park 40 Plaza, Suite 350
DURHAM, NORTH CAROLINA 27713
TELEPHONE 919 806-2969
FACSIMILE 919 806-2057

SAVANNAH, GEORGIA OFFICE
**MORRIS, MANNING & MARTIN, LLP**
24 Drayton Street, Suite 712
SAVANNAH, GEORGIA 31401
TELEPHONE 912 232-7182
FACSIMILE 912 232-7184

JOHN P. MACNAUGHTON
DIRECT DIAL 404 504-7689
E-MAIL JPM@MMMLAW.COM

November 30, 2012

***VIA E-MAIL AND U.S. MAIL***

Georgios Angelettos, Secretary
Terna Energy U.S.A. Holdings Corporation
c/o Michael S. Dorf, Esq.
Shearman & Sterling, LLP
Four Embarcadero Center, Suite 3800
San Francisco, California 94111-5994

      Re:    Terna / Ralls Transaction

Dear Mr. Dorf:

      We write this letter to you in connection with your representation of Terna Energy U.S.A. Holdings Corporation and with respect to the above-referenced matter.

      As set forth in my November 14, 2012 letter addressed to Mr. Angelettos, it is the position of Ralls Corporation ("Ralls") that the September 28, 2012 Order signed by President Obama prohibiting Ralls' acquisition of the defined Project Companies had the legal effect of rendering the subject acquisition void *ab initio*.

      In furtherance of that position, enclosed herewith is a copy of a Reply Memorandum filed on behalf of the President in the pending litigation between Ralls and CFIUS.

      In pertinent part, the government references and interprets President Obama's Order as follows:

> In other words, where (as here) a foreign party has entered into a transaction without going through the CFIUS process, the President has the authority to insure that the *status quo ante* is restored, and to insure that the foreign party does not circumvent the President's Order, or gain the benefit of assets that it should not have acquired in the first place. (*See* Reply Memorandum, p. 15).

7755393 v01

MORRIS, MANNING & MARTIN
A LIMITED LIABILITY PARTNERSHIP

November 30, 2012
Page 2

    CFIUS' position with respect to restoration of the parties' *status quo ante* not only further clarifies the intent and meaning of the President's Order, but clearly supports Ralls' position with respect to the subject transaction being void *ab initio* following the President's Order.

    We look forward to your response.

                            Very truly yours,

                            MORRIS, MANNING & MARTIN, L.L.P.

                            John P. MacNaughton

JPM:wew
Enclosure
cc:    Mr. Kevin Zhu
        Tim Xia, Esq.

MORRIS, MANNING & MARTIN

7755393 v01